UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/2014
```

PARTNERS FOR PAYMENT RELIEF, LLC, *et uno*,

Plaintiffs,

-v-

DREAMBUILDER INVESTMENTS, LLC, *et al.*,

Defendants.

No. 12-cv-1414 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

At a conference on July 9, 2014, the parties informed the Court that they had previously reached a settlement, dated March 22, 2013,[1] which had effected a novation of the promissory notes underlying Plaintiffs' complaint. Consequently, in an Order on that same date, the Court dismissed this action as moot. (Doc. No. 68.) The Court's July 9, 2014 Order also directed Plaintiffs to "file their contemplated motion to enforce the settlement agreement pursuant to Rule 60(b) of the Federal Rules of Civil Procedure." (Doc. No. 68 at 2.) However, Plaintiffs subsequently filed a "Motion to Enforce the Settlement Agreement pursuant to Federal Rule of Civil Procedure 56" (Doc. No. 69 ("Mtn.")), which the Court construed as a Rule 60(b) motion (Doc. No. 70), and is presently pending before the Court. The motion was fully briefed on July 19, 2014. (*See* Doc. Nos. 71–75.)

As an initial matter, the Court rejects Defendants' contention that the Court lacks jurisdiction to resolve Plaintiffs' motion because the Court never "so ordered" the Settlement

---

[1] Defendants included a copy of the agreement with their papers in opposition to the instant motion. (*See* Declaration of Greg Palmer, dated July 18, 2014, Doc. No. 71 ("Palmer Decl.") Ex. A (the "Settlement Agreement").) The Settlement Agreement had been previously docketed as an attachment to a letter filed by Defendants on June 20, 2014. (*See* Doc. No. 64 Ex. A.)

Agreement. Such an explicit Court endorsement was unnecessary in order for the Court to retain jurisdiction to enforce the Settlement Agreement. *See StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 305 (2d Cir. 2014) ("Where . . . the federal court makes the parties' obligation to comply with the terms of the settlement agreement . . . part of the order of dismissal – either by separate provision (*such as a provision 'retaining jurisdiction' over the settlement agreement*) or by incorporating the terms of the settlement agreement in the order – that court is a proper forum for litigating a breach of the settlement agreement." (citation and internal quotation marks omitted))  Here, the Court's July 9, 2014 Order not only quoted from the settlement agreement, which had been docketed on June 20, 2014 (Doc. No. 64 Ex. A), but stated unequivocally that "the Court retains jurisdiction over enforcement of the settlement agreement" (Doc. No. 68 at 2 (citing *StreetEasy, Inc.*, 752 F.3d at 305)). Therefore, the Court is clearly authorized to "enforce the settlement as an exercise of its ancillary jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees." *StreetEasy, Inc.*, 752 F.3d at 305 (citation and internal quotation marks omitted).

Turning to the merits of Plaintiffs' motion, Plaintiffs contend that Defendants breached the Settlement Agreement "by failing to pay Plaintiffs the full $221,700 due and owing to them" when Defendants withheld half of a $60,000 payment required under the Settlement Agreement (*see* Settlement Agreement ¶ 3.D). (Mtn. ¶ 5.) Consequently, Plaintiffs seek entry of judgment against Defendants in the amounts set forth in paragraph five of the Settlement Agreement,[3] including the costs and expenses of litigating the instant motion, as well as prejudgment interest that has accrued from June 7, 2013, which is the date on which Defendants allegedly failed to make the required cash

---

[3] The Settlement Agreement makes a distinction between the total liability of the DBI Affiliates and the DBI Entities. (Settlement Agreement ¶ 5.) The DBI Entities encompass Dreambuilder Investments, LLC; DBI Funding III, LLC; and DBI Residential Fund Management, LLC. (*Id.* at 1.)  The DBI Affiliates are the DBI Entities' "officers, directors, shareholders, principals, members, partners, employees, agents, representatives, affiliates, parents, subsidiaries, predecessors, heirs, successors and assigns." (*id.* at 1.) The liability of the DBI Affiliates is fixed at $2,050,000.00 less all cash payments and mortgage transfers made from Defendants to Plaintiffs as described in sub-paragraph 5.A (*id.* ¶ 5.A.), while the liability of the DBI Entities is fixed at $2,200,000.00 "less the payments and transfers set forth in sub-paragraphs (A) (i)-(iv) above" (*id.* ¶ 5.B).

2

payment mentioned above. (*Id.* ¶¶ 10–12, A–C.) Defendants acknowledge that they withheld half of the $60,000 payment on June 7, 2013 (Palmer Decl. ¶ 15; *see also id.* Ex. B; Mtn. ¶¶ 4, 10), profess that they stand ready "to Confess Judgment to Plaintiff" (Palmer Decl. ¶ 3), and "concede that they must pay to the Plaintiff at least the sum of . . . $965,006.58[] under any reading of the Settlement Agreement to resolve the litigation with finality" (*id.*).[4] However, Defendants argue that "it was Plaintiff[s'] representatives who breached on the mortgage note transfer part of the settlement resulting in Defendants withholding the last cash payment of $30,000." (Palmer Decl. ¶ 16; *see also* Defendants' Memorandum of Law in Opposition, Doc. No. 71 ("Opp'n") at 3 ("[T]here was a failure in the dealings between the parties as to certain exceptions/objections and the manner of curing those objections relating to the first group of mortgage notes that were transferred to the Plaintiff in March 2013.").)

With respect to Defendants' argument that "there is a significant question of fact as to whether the Plaintiff[s'] representatives breached the mortgage note transfer part of the Settlement Agreement resulting in Defendants withholding the last cash payment of $30,000" (Opp'n at 4), Defendants fail to point to any provision or term of the Settlement Agreement that Plaintiffs purportedly breached. Similarly, the Settlement Agreement does not include any right for Defendants to withhold a portion of the $60,000 cash payment "[i]n order to jolt the Plaintiffs into acting properly on the issue of the mortgage note exceptions." (*Id.*) The Settlement Agreement does, however, include a provision requiring Defendants make a $60,000 cash payment to Plaintiffs (Settlement Agreement ¶ 3.D), which Defendants concede they did not make (Opp'n at 3–4; Palmer Decl. ¶ 15). Therefore, the Court finds that Defendants breached the Settlement Agreement by failing to make a cash payment on June 7, 2013 in accordance with paragraph 3.D. In light of

---

[4] That amount ($965,006.58) represents the difference between the total liability of the DB1 Affiliates under the Settlement Agreement ($2,050,000.00) and the payments and transfers made by Defendants to Plaintiffs ($1,084.993.42), but it does not include any pre-judgment interest. (*See* Mtn. ¶ 12.)

Defendants' concession mentioned above, as well as the parties' undisputed representations regarding the payments and transfers made pursuant to the Settlement Agreement thus far, the Court further finds that the DBI Affiliates owe Plaintiffs a net principal balance of $965,006.58 and the DBI Entities owe Plaintiffs a net principal balance of $1,115,006.58.

Plaintiffs are also entitled to recover from Defendants prejudgment interest pursuant to N.Y. C.P.L.R. § 5001. Under that statute – which directs that "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed," N.Y. C.P.L.R. § 5001(b) – prejudgment interest applies to "a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property," *id.* § 5001(a). Under N.Y. C.P.L.R. § 5004, "[i]nterest shall be at the rate of nine per centum per annum . . . ." N.Y. C.P.L.R. § 5004. Here, as noted above, Defendants' breach of the settlement agreement occurred when they failed make a requirement payment in full on June 7, 2013. Consequently, interest accrued on the outstanding net principal amounts – $965,006.58 for the DBI Affiliates and $1,115,006.58 for the DBI Entities – at a rate of 9% per annum beginning on June 8, 2013 through the date of this Opinion and Order. *See, e.g., In re Johns-Manville Corp.*, 759 F.3d 206, 219–20 (2d Cir. 2014) (affirming lower court's award of prejudgment interest under New York law even in absence of "express provision regarding prejudgment interest" in relevant settlement agreements).

Finally, with respect to fees and costs, paragraph 19 of the Settlement Agreement requires the losing party in any action to enforce the terms of the Settlement Agreement "to pay the prevailing party's costs and expenses of such action, including reasonable attorneys' fees and expenses . . . ." Therefore, since Plaintiffs are the "prevailing parties" in this action to enforce the Settlement Agreement, the Court finds that Defendants must also pay Plaintiffs' fees and costs in accordance with paragraph 19 of the Settlement Agreement. Plaintiffs shall submit a calculation of

their costs and fees associated with litigating the instant motion, together with supporting documentation, no later than December 29, 2014. Defendants shall then have until January 5, 2015 to raise any objections. Any objections shall be limited to Plaintiffs' calculation of their fees and costs.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiffs' Rule 60(b) motion is GRANTED, and IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT judgment is entered in favor of Plaintiffs against the DBI Affiliates in the sum of $965,006.58 and the DBI Entities in the sum of $1,115,006.58, plus interest of 9% per annum from June 8, 2013 through the date of this Opinion and Order. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the judgment rendered by the Court on this day in favor of Plaintiffs be entered as a final judgment against Defendants, and the Clerk of the Court is respectfully directed to enter such judgment forthwith and terminate the motion pending at docket entry 69.

SO ORDERED.

Dated:	December 11, 2014
	New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE