UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED: _8/8/16_                 │
└─────────────────────────────────────┘
```

PARTNERS FOR PAYMENT RELIEF, LLC,
*and* PARTNERS FOR PAYMENT RELIEF –
DE, LLC,

                              Plaintiffs,

          -v-

DREAMBUILDER INVESTMENTS, LLC,
DBI FUNDING III, LLC, *and* DBI
RESIDENTIAL FUND MANAGEMENT,
LLC,

                              Defendants.

No. 12-cv-1414 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiffs Partners for Payment Relief, LLC, and Partners for Payment Relief – DE, LLC,

brought this breach-of-contract action against Defendants Dreambuilder Investments, LLC, DBI

Funding III, LLC, and DBI Residential Fund Management, LLC, alleging that Defendants

defaulted on certain promissory notes and breached the terms of certain other agreements between

the parties. (*See* Doc. No. 1 at 9–14.) The parties settled Plaintiffs' claims pursuant to a settlement

agreement dated March 22, 2013, which effected a novation of the promissory notes underlying

Plaintiffs' complaint (the "Settlement Agreement"). (*See* Doc. Nos. 64, 72-1.) As explained

below, Plaintiffs subsequently incurred attorneys' fees and expenses in connection with a dispute

with Defendants as to the meaning of the Settlement Agreement and in connection with Plaintiffs'

efforts to collect on the judgment entered against Defendants in this action. Now before the Court

is Plaintiffs' motion for an award of attorneys' fees and expenses in the amount of $48,026.77

pursuant to a provision in the Settlement Agreement that shifts attorneys' fees to the losing party

in an action to enforce the Settlement Agreement's terms. (Doc. No. 100.) For the reasons set forth below, the Court grants Plaintiffs' attorneys' fees, but only in the amount of $7,580.50.[1]

## I. BACKGROUND

Plaintiffs initiated this action by filing a complaint on February 24, 2012, alleging that Defendants failed to make required interest payments on certain promissory notes and to repay the notes upon maturity. (Doc. No. 1.) On February 15, 2013, Plaintiffs moved for summary judgment. (Doc. No. 27.) While Plaintiffs' motion was pending but before Defendants filed their opposition papers, the parties reached a settlement that would be implemented in stages, memorialized in the March 22, 2013 Settlement Agreement, which prompted the Court to dismiss this case on March 25, 2013. (Doc. No. 37.) On June 7, 2013, however, Plaintiffs submitted a letter to the Court requesting that the Court restore this action due to Defendants' failure to complete the initial stages of the Settlement Agreement, a request the Court granted. (Doc. No. 40.) After a change of Defendants' counsel (Doc. Nos. 42, 43), the parties completed briefing on Plaintiffs' motion for summary judgment on August 16, 2013 (Doc. No. 52).

With Plaintiffs' motion still pending before the Court, Plaintiffs filed a letter motion on June 17, 2014, seeking a conference to schedule a trial date in lieu of the Court's deciding their motion for summary judgment. (Doc. No. 63.) On June 20, 2014, Defendants joined in Plaintiffs' request for a conference but informed the Court that, in Defendants' view, the Settlement Agreement had effected a novation of the promissory notes underlying Plaintiffs' claims, and that Defendants were prepared to satisfy their obligations under the Settlement Agreement. (Doc. No.

---

[1] In ruling on Plaintiffs' fee application, the Court has considered the Settlement Agreement (Doc. No. 72-1 ("Settlement Agreement")), the January 4, 2016 Declaration of Donald A. Rea (Doc. No. 101 ("Rea Decl.")) and the billing records attached thereto as Exhibit A (Doc. No. 101-1 ("Billing Records")), Defendants' memorandum of law in opposition to Plaintiffs' fee application (Doc. No. 103 ("Def. Opp.")), and Plaintiffs' reply (Doc. No. 104 ("Pl. Reply")).

64.)  On June 25, 2014, Plaintiffs responded to Defendants' letter, "generally concur[ring]" with Defendants' representations and reiterating Plaintiffs' request for a conference "to address the entry of judgments" in favor of Plaintiffs pursuant to the Settlement Agreement.  (Doc. No. 65.)

The Court then held a conference on July 9, 2014, during which the parties agreed that the Settlement Agreement had effected a novation of the promissory notes underlying Plaintiffs' complaint and that Defendants had failed to pay amounts they owed (though the parties disagreed as to the correct amount) under the terms of the Settlement Agreement, which Plaintiffs would seek to enforce.  (Doc. No. 68.)  Accordingly, the Court issued an order that same day once again dismissing this action in light of the parties' settlement and setting a briefing schedule on Plaintiffs' anticipated motion to enforce the Settlement Agreement's terms.  (*Id.*)  Following briefing, on December 11, 2014, the Court issued an opinion and order finding that Defendants had breached the Settlement Agreement and entering judgment in favor of Plaintiffs.  (Doc. No. 78 at 5.)

The December 11, 2014 Opinion and Order also directed Plaintiffs to submit a calculation of their costs and fees associated with litigating their motion to enforce the Settlement Agreement in light of a provision in the Settlement Agreement that shifts attorneys' fees and costs to the losing party in an action to enforce the Settlement Agreement's terms.  (*Id.* at 4–5.)  Specifically, paragraph 19 of the Settlement Agreement provides:

> To the extent any party to this Agreement files an action in court to enforce the Agreement's terms and conditions, or the Stipulated Judgment, the losing party in such action shall be responsible and liable to pay the prevailing party's costs and expenses of such action, including reasonable attorneys' fees and expenses, as well as the fees and expenses for any expert witnesses retained by the prevailing party in such action.

(Settlement Agreement ¶ 19.)  Plaintiffs filed their motion for fees and supporting documentation on December 15, 2014, seeking $5,718.50 for 10.5 hours billed.  (Doc. No. 79.)  Defendants filed no objections.

3

In an order issued on January 6, 2015, the Court found Plaintiffs' calculation of fees to be reasonable, and accordingly entered an amended judgment enforcing the Settlement Agreement's terms and awarding Plaintiffs attorneys' fees of $5,718.50, as the "prevailing parties" under paragraph 19 of the Settlement Agreement. (Doc. No. 81, Jan. 6, 2015 Order; *see also* Doc. No. 82, Jan. 9, 2015 Amended Judgment.) Then, following competing requests from the parties for "clarification" of the total liability set forth in the Amended Judgment and of the Amended Judgment's apportionment of liability among various entities, the Court issued an order on October 13, 2015 "find[ing] that the Amended Judgment . . . is unambiguous and does not require clarification." (Doc. No. 96 at 1–2.) The Court reaffirmed its prior interpretation of the Settlement Agreement (*id.*) and rejected Defendants' argument that the Settlement Agreement or the Amended Judgment was ambiguous (*id.* at 4).

Plaintiffs now seek additional attorneys' fees under paragraph 19 of the Settlement Agreement in the amount of $48,026.77, for work undertaken after the Court entered the Amended Judgment. (Rea Decl. at 3.) The bulk of the fees Plaintiffs seek to recover fall generally into two categories: (1) costs associated with post-judgment collection efforts, including discovery (which accounts for the majority of the attorneys' fees sought) and the parties' negotiations regarding Plaintiffs' potential forbearance on executing the Amended Judgment; and (2) costs associated with court filings related to enforcing the Settlement Agreement, including the dispute over the meaning of the Settlement Agreement and the Amended Judgment that was resolved by the Court's October 13, 2015 Order. For the reasons that follow, the Court concludes that, under the fee-shifting provision in the Settlement Agreement, the second category of fees is recoverable, but the first category is not.

## II. Discussion

The parties chose New York law to govern the Settlement Agreement. (Settlement Agreement ¶ 15.) "Under the general rule in New York, attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003); *see also Mt. Vernon City Sch. Dist. v. Nova Cas. Co.*, 19 N.Y.3d 28, 39 (2012) (same) (citing *A.G. Ship Maint. Corp. v. Lezak*, 69 N.Y.2d 1, 5 (1986)). "The rule is based upon the high priority accorded free access to the courts and a desire to avoid placing barriers in the way of those desiring judicial redress of wrongs." *A.G. Ship Maint.*, 69 N.Y.2d at 5; *see also Oscar Gruss*, 337 F.3d at 199 ("This policy 'provides freer and more equal access to the courts . . . [and] promotes democratic and libertarian principles.'" (quoting *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 22 (1979))); *Pickett v. 992 Gates Ave. Corp.*, 114 A.D.3d 740, 741 (2d Dep't 2014) ("New York public policy disfavors any award of attorneys' fees to the prevailing party in a litigation." (citation omitted)); *Horwitz v. 1025 Fifth Ave. Inc.*, 34 A.D.3d 248, 249 (1st Dep't 2006) (same) (citing *A.G. Ship Maint.*). "Accordingly, while parties may agree that attorneys' fees should be included as another form of damages, such contracts must be strictly construed to avoid inferring duties that the parties did not intend to create." *Oscar Gruss*, 337 F.3d at 199 (citing *Hooper Assocs., Ltd. v. AGS Computs., Inc.*, 74 N.Y.2d 487, 491 (1989)). The standard under New York law for inferring intent to depart from the "American rule" for attorneys' fees thus sets a high bar: "'the court should not infer a party's intention' to provide counsel fees as damages for a breach of contract 'unless the intention to do so is *unmistakably clear*' from the language of the contract." *Id.* (emphasis added) (quoting *Hooper*, 74 N.Y.2d at 492) (collecting cases); *see also Mt. Vernon*, 19 N.Y.3d at 39 (same).

Plaintiffs argue that, because the Settlement Agreement "expressly authorizes the prevailing party to recover attorneys' fees in an action to enforce the terms of a contract, . . . the law does not distinguish between the original breach action and enforcement of the judgment obtained in that action." (Pl. Reply at 5.) In other words, Plaintiff contends, the language in the Settlement Agreement is sufficiently broad to cover both categories of fees. The Court disagrees. In *214 Wall Street Associates, LLC v. Medical Arts-Huntington Realty*, 99 A.D.3d 988 (2d Dep't 2012), defendant sought attorneys' fees after obtaining a judgment on its counterclaim, "including, inter alia, sums incurred . . . in entering its judgment [and] in seeking to enforce the judgment." *Id.* at 989. The contractual fee-shifting provision at issue was arguably broader than the one here: it "provided that the prevailing party in any litigation 'arising under or in connection with' the [contract] would be entitled to 'recover from the other party the expenses of litigation (including reasonable attorneys' fees, expenses and disbursements) incurred by the prevailing party.'" *Id.* Nevertheless, the court observed that "[t]he pertinent clause in the [contract] d[id] not contain language clearly permitting [defendant] to recover from [plaintiff] the costs and the attorney's fee sought in the . . . fee motion," and that "[t]he possible recovery of such posttrial costs and counsel fees [wa]s not addressed by the [contract] in a clear and decided fashion." *Id.* at 990. As a result, the court held that, "[e]ven if the [contract] could 'arguably support an implied right' to those costs and fees, the public policy of the American Rule 'militate[d] against adoption of that interpretation.'" *Id.* (quoting *Baker v. Health Mgmt. Sys., Inc.*, 98 N.Y.2d 80, 88 (2002)) (citing cases). Authoritative sources cite *214 Wall Street* as an example of New York courts' narrow construction of contractual fee-shifting provisions. *See* N.Y. Pattern Jury Instr. – Civ. 4:1, cmt. VII.S (3d ed. 2016) ("[E]ven where the parties' agreement provides for recovery of litigation expenses, including attorneys' fees, the prevailing party's post-trial expenses, including costs

incurred in . . . entering judgment [and] enforcing the judgment . . . are not recoverable absent contractual language clearly permitting such recovery." (citing *214 Wall St.*)); 4A Robert L. Haig, *Commercial Litigation in New York State Courts* § 53:18 (4th ed. 2015) ("Although New York courts will enforce . . . contractual provisions for the payment of attorneys' fees, they are strictly and narrowly construed." (citing *214 Wall St.*, among other cases)).

As with the provision at issue in *214 Wall Street*, the provision here "does not contain language clearly permitting [Plaintiffs] to recover from [Defendants] the costs and the attorney's fee[s]" related to judgment collection, and "[t]he possible recovery of such posttrial costs and counsel fees is not addressed by the [Settlement] Agreement in a clear and decided fashion." *See 214 Wall St.*, 99 A.D.3d at 990. Thus, since the parties' intention to shift fees incurred in connection with judgment collection is not "'unmistakably clear' from the language of the contract," *Oscar Gruss*, 337 F.3d at 199 (quoting *Hooper Assocs.*, 74 N.Y.2d at 492), the Court concludes that shifting such fees is not warranted under the Settlement Agreement.

In support of their fee motion (*see* Pl. Reply at 3–4), Plaintiffs rely on *Cornell University v. Gordon*, 76 A.D.3d 452 (1st Dep't 2010), which affirmed an award of fees incurred "in connection with enforcement of [a] judgment" pursuant to "the broad and inclusive terms of [a] stipulation" in which the parties "agree[d] to indemnify and hold each other harmless for *any and all* costs and expenses incurred *due to the failure to abide by the terms of the stipulation*, including, but not limited to[,] reasonable attorneys' fees," *id.* at 452 (emphasis added). But the italicized language in that case is broader than the language at issue here, which – in covering only the "costs and expenses of [an] action" to "enforce the [Settlement] Agreement's terms and conditions" (Settlement Agreement ¶ 19) – does not suggest, as the *Cornell University* language does, an intent to shift fees that are simply causally related to a breach of the agreement at issue. Rather, in

7

shifting only fees incurred in the *prosecution* of an action to enforce its terms, the Settlement Agreement more closely resembles the *214 Wall Street* provision, which covered fees incurred "in any litigation 'arising under or in connection with'" the contract. *See 214 Wall St.*, 99 A.D.3d at 989.

Significantly, the parties could easily have covered fees incurred in judgment collection by employing broader or more explicit language in the Settlement Agreement. *See, e.g.*, *Colonial Sur. Co. v. Genesee Valley Nurseries, Inc.*, 94 A.D.3d 1422, 1423–24 (4th Dep't 2012) (fees shifted where agreement provided that defendant "agree[s] to . . . indemnify and save harmless [plaintiff] from . . . any and all . . . loss, costs, damages or expenses of whatever nature or kind, including fees of attorneys and all other expenses, including . . . costs and fees of . . . attempting to recover losses or expenses from [defendants] or third parties"); *see also Westwoods Aviation, LLC v. Atl. Aviation Flight Servs., Inc.*, No. 06-cv-15525 (JSR), 2008 WL 490607, at *1 (S.D.N.Y. Feb. 19, 2008) (same, where agreement provided that, "[i]n the event either party brings an action to enforce this [a]greement or for damages for breach hereunder, the prevailing party shall be entitled to recover their costs and reasonable attorneys' fees incurred in any such action *and in any efforts to collect any judgment obtained from the non-prevailing party*" (emphasis added)). Indeed, the fact that the Settlement Agreement explicitly shifts "fees and expenses for any expert witnesses retained by the prevailing party" shows that the parties were capable of being specific about which categories of fees they intended to shift. (Settlement Agreement ¶ 19.) Accordingly, in light of the parties' failure to employ broader or more explicit fee-shifting language, the close similarity of the provision here to the provision at issue in *214 Wall Street*, and the requirement under New York law that fee-shifting provisions be "strictly construed" in favor of the American rule, *Oscar Gruss*, 337 F.3d at 199 (quoting *Hooper*, 74 N.Y.2d at 492), the Court declines to award attorneys'

fees beyond those associated with court filings related to disputes over the meaning of the Settlement Agreement and the Amended Judgment, including the dispute resolved by the Court's October 13, 2015 Order.

Turning to Plaintiffs' billing records, the Court finds that Plaintiffs are only entitled to recover fees that relate to Plaintiffs' success in connection with (1) Defendants' appeal of the Amended Judgment, which the parties dismissed by stipulation (Doc. No. 91), and (2) the parties' request for "clarification" of the Amended Judgment, which the Court resolved in favor of Plaintiffs' interpretation of the Amended Judgment (Doc. No. 96). The billing entries for these activities, which are set forth in the Appendix to this Opinion and Order, total 12.9 billable hours and $7,580.50 in fees. Defendants do not specifically challenge the reasonableness of the hours or rates billed for any of the entries listed in the Appendix.[2] However, Defendants sweepingly assert that Plaintiffs' counsel's billable activities are "suspect" because they are described with words like "prepare," "review," "conferring," and "corresponding." (Def. Opp. at 15.) But time spent by counsel preparing and reviewing court filings, conferring with clients, and corresponding with the Court and opposing counsel obviously falls within the Settlement Agreement's broad coverage of "costs and expenses of" "an action in court" (*see* Settlement Agreement ¶ 19), and the Court finds the entries listed in the Appendix to be sufficiently detailed to allow the Court to conclude that they relate to "an action in court to enforce the [Settlement] Agreement's terms and conditions" (*id.*) and reflect a reasonable number of hours for the tasks described. The Court also finds the hourly rates listed in counsel's billing statements, which Defendants do not contest, to be

---

[2] In fact, Defendants' only specific objection to the hours and rates billed concerns the time spent on discovery in connection with judgment collection (*see* Def. Opp. at 14–15 (arguing that much of this discovery was "inchoate" or "unnecessary," and that Plaintiffs' counsel billed hours "palpably disproportionate to the nature of the task")), which the Court has already determined is not covered by the Settlement Agreement.

reasonable. *See, e.g.*, *Inter-Am. Dev. Bank v. Venti S.A.*, No. 15-cv-4063 (PAE), 2016 WL 642381, at *7 (S.D.N.Y. Feb. 17, 2016) (approving hourly rates of $600 and $690 for attorneys with ten and thirteen years of experience, respectively, as "within the range of reasonable rates for partner-level work in complex commercial litigation in this District"); *MB Fin. Bank, N.A. v. 56 Walker, LLC*, No. 11-cv-5538 (JGK), 2011 WL 6338808, at *3–4 (S.D.N.Y. Dec. 19, 2011) (approving hourly rate of $645 for attorneys in commercial litigation case).

In contrast to these attorneys' fees, however, the Court finds that none of the billed *expenses* in Plaintiffs' counsel's time records – for example, photocopying expenses, e-discovery monthly storage charges, and process service fees (*see, e.g.*, Billing Records at 9, 13) – correspond with billable work listed in the Appendix.  Accordingly, the Court does not shift any of these expenses to Defendants.

Finally, because "[t]he party seeking the fee bears the burden of showing the reasonableness of the fee by providing definite information regarding the way in which time was spent," *Flemming v. Barnwell Nursing Home & Health Facilities, Inc.*, 56 A.D.3d 162, 164–65 (3d Dep't 2008), *aff'd*, 15 N.Y.3d 375 (2010); *see also Klein v. Robert's Am. Gourmet Food, Inc.*, 28 A.D.3d 63, 75 (2d Dep't 2006) (same), the Court has excluded from Plaintiffs' fee award certain billing entries that, although they perhaps reflect some work covered by the Settlement Agreement, were vague; block-billed with other, non-covered activities; or otherwise insufficiently detailed to support a determination that they fall into the category of fees shifted by the Settlement Agreement. (*See* Billing Records at 3 (entry dated 1/6/15); *id.* at 4 (entry dated 1/16/15); *id.* at 8 (first entry dated 2/19/15); *id.* at 18 (second entry dated 5/5/15); *id.* at 21 (entry dated 6/30/15); *id.* at 24 (entry dated 8/13/15); *id.* at 30 (entry dated 10/19/15).)

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiffs' motion for fees is granted only in the amount of $7,580.50.  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT judgment is entered in favor of Plaintiffs against Defendants in the sum of $7,580.50, and the Clerk of the Court is respectfully directed to amend the Amended Judgment entered on January 9, 2015 (Doc. No. 82) by incorporating this Order.  The Clerk of the Court is also respectfully directed to terminate the motion pending at docket number 100.

SO ORDERED.

Dated:        August 4, 2016
              New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

APPENDIX

| Date | Timekeeper | Description | Hours | Value ($) |
|---|---|---|---|---|
| 1/14/15 | CMR | Review defendants' notice of appeal and analyze response. | 0.2 | 84.00 |
| 4/24/15 | DR | Draft letter motion to Court regarding scope of Judgments; review Court's prior Memorandum Opinion, Order and Judgments, as well as settlement agreement in connection with same; draft explanatory email to clients regarding same | 2.4 | 1,476.00 |
| 5/5/15 | PJS | Prepare draft Stipulation of Dismissal; review related Second Circuit Rules | 0.5 | 130.00 |
| 5/8/15 | CMR | File stipulation dismissing appeal; review correspondence from court regarding stipulation | 0.2 | 84.00 |
| 5/8/15 | DR | Revise and complete draft of joint letter and correspond with opposing counsel re same and status; file stipulation of dismissal of appeal | 1.0 | 615.00 |
| 6/9/15 | DR | Redraft correspondence to judge regarding judgments | 0.6 | 369.00 |
| 9/9/15 | DR | Prepare default letter final; exchange emails with opposing counsel re same; teleconference to opposing counsel; teleconference with clients regarding next steps | 1.0 | 615.00 |
| 9/15/15 | DR | Review and revise demand and interest calculations; edit letter to Judge Sullivan; exchange emails with opposing counsel and client re same | 1.0 | 615.00 |
| 9/17/15 | DR | Complete edits to pre-motion letter to court regarding larger judgment enforcement; distribute same to court, client and opposing counsel; exchange emails with opposing counsel regarding defaults; exchange emails with client regarding status and next steps | 2.0 | 1,230.00 |
| 9/22/15 | CMR | Review defendants' letter seeking leave to move for relief from judgment and response to plaintiff's pre-motion letter | 0.3 | 126.00 |
| 9/22/15 | DR | Read letter motion from opposing counsel and comment on same to client; research and draft response to court and coordinate filing of same | 3.0 | 1,845.00 |
| 9/23/15 | CMR | File response to defendants' request [for] leave to file motion for relief from judgment and correspondence to court regarding same | 0.2 | 84.00 |
| 9/23/15 | DR | Confirm service of pre-motion letters and communicate with client regarding same | 0.5 | 307.50 |
| | | | 12.9 | 7,580.50 |

(*See* Billing Records at 3, 15, 18, 21, 27.)